Denisse O. Gastélum, SBN 282771
**GASTÉLUM LAW,**
**A PROFESSIONAL CORPORATION**
3767 Worsham Ave.
Long Beach, California 90808
Tel: (213) 340-6112
Fax: (213) 402-8622
Email: dgastelum@gastelumfirm.com

Christian Contreras, Esq. (SBN 330269)
    *CC@Contreras-Law.com*
Edwin S. Salguero, Esq. (SBN 344820)
    *ES@Contreras-Law.com*
**LAW OFFICES OF CHRISTIAN CONTRERAS**
**PROFESSIONAL LAW CORPORATION**
360 E. 2nd St., 8th Floor
Los Angeles, California 90012
Tel: (323) 435-8000; Fax: (323) 597-0101

Attorneys for Plaintiff,
JOSE LUIS PONCE

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUIS PONCE, individually, <br><br> Plaintiff, <br><br> v. <br><br> LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, a public entity; COUNTY OF LOS ANGELES, a public entity; SHERIFF ROBERT G. LUNA, individually; and DOE Deputies 1 through 10, individually; <br><br> Defendants. | **CASE NO.: 2:24-cv-1336** <br><br> **COMPLAINT FOR DAMAGES** <br><br> 1. Failure to Protect from Harm, Fourteenth Amendment Violation (42 U.S.C. § 1983); <br> 2. Failure to Provide Medical Care, Fourteenth Amendment Violation (42 U.S.C. § 1983); <br> 3. Deprivation Substantive Due Process (42 USC § 1983) <br> 4. Supervisory Liability Causing Constitutional Violations (Failure to Properly Train, Supervise and Discipline, 42 U.S.C. § 1983); <br> 5. Policies, Customs, Practices Causing Constitutional Violations (*Monell*, 42 U.S.C. § 1983); <br> 6. Negligence; <br> 7. Violation of California Government Code §845.6; <br> 8. Violation of California Civil Code §52.1 (Tom Bane Act); <br><br> **DEMAND FOR JURY TRIAL** |

## JURISDICTION AND VENUE

1. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourteenth Amendment to the United States Constitution, and the laws and Constitution of the State of California. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

2. This Court has the authority to grant the requested declaratory relief pursuant to 28 U.S.C. §§ 2201, as well as Federal Rules of Civil Procedure 57, including pursuant to the Court's inherent equitable powers.

3. Venue is proper within the Central District of California pursuant to 28 U.S.C. § 1391(b)(1) and (2) because all Defendants reside within this district and the events and omissions giving rise to Plaintiff's claims occurred within this district.

4. Plaintiff has complied with the California Tort Claims Act requirements with respect to their claims arising under state law.

5. With respect to these supplemental state claims, Plaintiff requests that this Court exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over such claims as they arise from the same facts and circumstances that underlie the federal claims.

## PARTIES

6. Plaintiff JOSE LUIS PONCE, is and was, at all relevant times, an individual residing in the County of Los Angeles, California.

7. Defendant COUNTY OF LOS ANGELES (hereinafter also "COUNTY") owns, operates, manages, directs and controls Defendant LOS ANGELES COUNTY SHERIFF'S DEPARTMENT (hereinafter also "LASD"), also a separate public entity[1], which employs other Doe Defendants in this action. At all times relevant to the facts alleged herein, Defendant COUNTY was responsible for assuring that the actions, omissions, policies, procedures, practices and customs of its employees, including

---

[1] The Ninth Circuit has held that California law permits § 1983 claims against municipal police departments. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 624 n. 2 (9th Cir. 1988) ("Municipal police departments are 'public entities' under California law and, hence, can be sued in federal court for alleged civil rights violations.).

LASD employees complied with the laws and the Constitutions of the United States and of the State of California. Defendant COUNTY, through LASD, is and was responsible for ensuring the protection and safety of all persons incarcerated at the LASD correctional facilities and detention centers, including the NCCF.

8.      Defendant ROBERT G. LUNA (hereinafter also "LUNA"), at all times mentioned herein, was the Sheriff of Defendant COUNTY OF LOS ANGELES, the highest position in the COUNTY Jails. As Sheriff, Defendant LUNA is and was responsible for the hiring, screening, training, retention, supervision, discipline, counseling, and control of all COUNTY Jails' employees and/or agents. Defendant LUNA is and was charged by law with oversight and administration of the COUNTY Jails, including ensuring the safety of the inmates housed therein. Defendant LUNA also is and was responsible for the promulgation of the policies and procedures and allowance of the practices/customs pursuant to which the acts of the COUNTY Jails alleged herein were committed. Defendant LUNA is being sued in his individual capacities.

9.      At all relevant times, Defendants DOE Deputies 1-10, inclusive, were individuals employed as employees/deputies with the defendant LASD, acting within the course and scope of that employment, under color of law.

10.     Plaintiff is ignorant of the true names and capacities of Defendants DOE Deputies 1 through 10 ("DOE Defendants") and therefore sue these Defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each Defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiff as set forth herein. Plaintiff will amend their complaint to state the names and capacities of each DOE Defendant when they have been ascertained.

11.     The identities, capacities, and/or nature of involvement of the defendants sued as DOE Deputies 1 through 10 are presently unknown to the Plaintiff who therefore sue these defendants by fictitious names. Plaintiff is informed, believes, and thereupon alleges that DOE Deputies 1 through 10 include individual law enforcement

personnel employed by the LASD and the COUNTY, and that they were involved in some manner and are legally responsible for the wrongful acts and conduct alleged herein. Plaintiff will amend this complaint to substitute the DOE Defendants' true names and capacities when they have been ascertained. Plaintiff is informed, believes, and thereupon alleges that each DOE defendant is a resident of California. Upon information and belief, DOE Deputies 1 through 10 were and still are residents of the COUNTY OF LOS ANGELES, California. DOE Deputies 1 through 10 are sued in their individual capacity.

12.     Each of the defendants, including the DOE Deputy Defendants, caused, and is responsible for, the unlawful conduct and resulting injuries suffered by Plaintiff by, among other things, personally participating in the unlawful conduct, acting jointly, or conspiring with others who did so; by ordering, authorizing, acquiescing in, or setting in motion policies, plans, or actions that led to the unlawful conduct, by failing to take action to prevent the unlawful conduct; by failing and refusing to initiate and maintain adequate training and supervision; by failing to enact policies to address the constitutional rights of protesters despite the obvious need for such a policy; and by ratifying the unlawful conduct that occurred by agents and officers under their direction and control, including failing to take remedial or disciplinary action.

13.     Plaintiff are informed and believe and thereon allege that each of the Defendants was at all material times an agent, servant, employee, partner, joint venturer, co-conspirator, and/or alter ego of the remaining Defendants, and in doing the things herein alleged, was acting within the course and scope of that relationship. Plaintiff is further informed and believes and thereon alleges that each of the Defendants herein gave consent, aid, and assistance to each of the remaining Defendants, and ratified and/or authorized the acts or omissions of each Defendant as alleged herein, except as may be hereinafter specifically alleged. At all material times, each Defendant was jointly engaged in tortious activity and an integral participant in the conduct described herein, resulting in the deprivation of Plaintiff's and JOSE LUIS PONCE's constitutional rights

and other harm.

14.    Plaintiff is informed, believes, and thereupon alleges that, at all times relevant hereto, Defendants, and each of them, acted as the agents, servants, and employees of each of the other defendants.

15.    In doing each of the acts and/or omissions alleged herein, Defendants, and each of them, acted within the course and scope of their employment.

16.    In doing each of the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or under the color of law.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

17.    On January 9, 2023, JOSE LUIS PONCE, was brutally and repeatedly beaten by other inmates at the Los Angeles County Sheriff's Department, North County Correctional Facility (hereinafter "NCCF"), located at 29340 The Old Rd., Castaic, CA 91384. The attack resulted in serious and permanent injuries to JOSE LUIS PONCE. On the day of the attack, JOSE LUIS PONCE was a pretrial detainee and therefore, innocent until proven guilty.

18.    At the time of the attack, upon information and belief, the inmates that almost beat JOSE LUIS PONCE to death were known by the LASD personnel to be aggressive and violent based on their violent histories. The inmates were known violent predators who preyed on the weak and the most vulnerable. Because of these traits, and their tendencies towards violence, the LASD personnel knew that these inmates posed an imminent threat of violence and harm to all other inmates in their immediate vicinity, especially inmates like JOSE LUIS PONCE.

19.    When JOSE LUIS PONCE first arrived at NCCF, he was housed in Supermax Dorm 625 and became a target for extortion by the other inmates where he was forced to send these inmates money due to the threats of physical violence and death threats made by these inmates against JOSE LUIS PONCE.

20.    JOSE LUIS PONCE and his family could no longer afford to pay the extortion fee and during a visit, JOSE LUIS PONCE informed the deputies that he was

being extorted by other inmates and that he was in fear for life. JOSE LUIS PONCE was then interviewed by deputies who mocked JOSE LUIS PONCE by stating, "We should let his ass just get fucked up."

21. Following the interview, JOSE LUIS PONCE was placed in a Protective Custody cell where he remained safely for three (3) days. After day three (3) of being in Protective Custody, JOSE LUIS PONCE was placed into General Population in Dorm 518. JOSE LUIS PONCE was then informed by deputies that he was mis-housed and that he would be moved back to Supermax Dorm 625.

22. JOSE LUIS PONCE informed deputies that he was placed in Protective Custody because of the extortion and threats of violence made against him while previously housed in Supermax Dorm 625 and informed deputies that he could not return to this Dorm because his life would be at risk. JOSE LUIS PONCE's pleas were ignored and he was instructed by a Doe Deputy to inform the Deputy that would transport JOSE LUIS PONCE back to Supermax Dorm 625 about his concerns.

23. Once JOSE LUIS PONCE arrived at the facility, he informed two (2) other deputies about the dangers of JOSE LUIS PONCE being housed in Supermax Dorm 625 but again he was instructed to inform the next deputy.

24. The last Doe deputy JOSE LUIS PONCE spoke with prior to the attack about the dangers of him being housed in Supermax Dorm 625 informed JOSE LUIS PONCE that the Doe deputy would return to get JOSE LUIS PONCE out of Supermax Dorm 625 but this Doe deputy never returned for JOSE LUIS PONCE. Worse yet, after JOSE LUIS PONCE's return to Supermax Dorm 625, a Doe deputy requested his inmate number in front of other inmates and asked JOSE LUIS PONCE why he had been transferred from a Protective Custody Dorm, which further placed a target on his back.

25. About one (1) week later, on January 9, 2023, JOSE LUIS PONCE was viciously beaten almost to death by multiple inmates, who jumped JOSE LUIS PONCE and beat him while JOSE LUIS PONCE screamed for help, continuously stomping on

his head until JOSE LUIS PONCE lost consciousness.

26.     Upon information and belief, deputies also failed to summon immediate medical care for JOSE LUIS PONCE following the brutal beating which further exacerbated JOSE LUIS PONCE's injuries.

27.     This preventable violent attack on JOSE LUIS PONCE resulted in severe injuries to JOSE LUIS PONCE including emotional trauma, head trauma, and a broken jaw that resulted in his mouth having to be wired shut.

28.     Each of the defendant officers owed JOSE LUIS PONCE not only a basic duty of reasonable care, but a professional duty to intervene in the known misconduct by any other detainee or inmate. Accordingly, each of the defendant officers present were individually responsible for the beating and various other civil rights violations inflicted on JOSE LUIS PONCE, either by their direct participation or by their failure to intervene therein despite ample knowledge and opportunity to do so.

29.     Long before the attack of JOSE LUIS PONCE, the LASD personnel knew that there existed at the County/LASD Jails a great indifference to the safety and protection of inmates, particularly vulnerable inmates. This indifference consisted of a total disregard by the LASD personnel for vulnerable inmates who were susceptible to being preyed upon by violent predatory inmates, like the inmates who brutally attacked JOSE LUIS PONCE.

30.     Despite this long history of inmate-on-inmate violence, the LASD personnel deliberately failed to take even modest actions to prevent predatory behavior amongst inmates.  Thus, by the time JOSE LUIS PONCE was taken into custody and placed at the NCCF, violent inmates knew that they could continue to prey on the most vulnerable with no interference on the part of the custodial staff or the medical/mental health staff.  JOSE LUIS PONCE was instead reminded that his rights, dignity, and safety remain as vulnerable as ever due to Defendants' deplorable acts and omissions.

31.     The County of Los Angeles, Sheriff Robert Luna and the Los Angeles County Sheriff's Department custodial and medical personnel assigned to its

**COMPLAINT FOR DAMAGES**

correctional facilities, by virtue of detaining individuals such as JOSE LUIS PONCE, are given the responsibility to ensure that the County/LASD Jails are safe and that the constitutional rights of detainees such as JOSE LUIS PONCE are not violated. The County of Los Angeles, the Los Angeles County Sheriff's Department and Sheriff Robert Luna have failed to ensure detainees do not get assaulted in their jails and have failed to protect the civil rights and constitutional rights of detainees within the County/LASD Jails. Accordingly, this claim and the subsequent lawsuit will seek judicial intervention to ensure further constitutional violations and jail assaults do not occur.

32.     Upon information and belief, Defendants were on notice of the dangers JOSE LUIS PONCE faced if housed in Supermax Dorm 625, but Defendants DOE DEPUTIES 1-10, inclusive, and each of them, deliberately failed to immediately address the safety needs of JOSE LUIS PONCE.

33.     Upon information and belief, COUNTY's medical and custody staff had an opportunity to prevent the inhumane attack on JOSE LUISE PONCE. However, despite all the warning signs and JOSE LUIS PONCE's requests for help as discussed above, the COUNTY medical and custody staff were indifferent to JOSE LUIS PONCE's health and safety.

34.     Upon information and belief, due to the COUNTY Jails patterns and practices of not conducting proper and timely Title 15 welfare and safety checks, JOSE LUIS PONCE's dire need for emergency intervention went unnoticed by the NCCF staff and deputies, who were responsible for monitoring and ensuring the welfare of all inmates, including JOSE LUIS PONCE.

///
///
///
///
///

## **FIRST CLAIM FOR RELIEF**

### **Failure to Protect from Harm**

### **Violation of the Fourteenth Amendment to the United States Constitution**

### **(By Plaintiff JOSE LUIS PONCE As Against Defendants DOE DEPUTIES 1 through 10)**

35.     Plaintiff realleges and incorporates herein by reference each of the preceding paragraphs of this complaint, and any subsequent paragraphs.

36.     Defendants DOE DEPUTIES 1 through 10 were on notice of the dangers to inmates, as alleged herein, created substantial risk of serious harm to an inmate in JOSE LUIS PONCE position.

37.     Each Defendants DOE DEPUTIES 1 through 10 could have taken action to prevent unnecessary harm to JOSE LUIS PONCE, especially after being on notice of the dangers JOSE LUIS PONCE faced if housed in Supermax Dorm 625, but refused or failed to do so.

38.     Defendants DOE DEPUTIES 1 through 10 deliberately disregarded the hazards and risks posed to persons incarcerated at the NCCF, as alleged above. Defendants DOE DEPUTIES 1 through 10 failed to take any reasonable steps to mitigate the obvious and well-known risks of harm that were attendant to housing JOSE LUIS PONCE at NCCF.

39.     As a direct and proximate result of Defendants' conduct, the civil right of JOSE LUIS PONCE, as protected by the Fourteenth Amendment of the United States Constitution were violated. Plaintiff JOSE LUIS PONCE experienced physical pain, severe emotional distress, and mental anguish, and other damages alleged herein.

40.     Furthermore, upon information and belief, Defendants DOE DEPUTIES 1 through 10 routinely failed to conduct required welfare and safety checks at NCCF, and failed to take sufficient actions to correct this problem and ensure that necessary checks were performed.

///

41.     Defendants DOE DEPUTIES 1 through 10 were on notice that their monitoring of inmates at NCCF, were inadequate and gave rise to a substantial risk of serious harm.

42.     Defendants DOE DEPUTIES 1 through 10's failure to correct their lack of monitoring inmates and the dangerous conditions inmates faced while in custody at NCCF evidences deliberate indifference to the inmates in their care.

43.     Defendants DOE DEPUTIES 1 through 10's failure to conduct the required safety check of JOSE LUIS PONCE on the date of the vicious attack he suffered evidences deliberate indifference to the risk of harm to plaintiff JOSE LUIS PONCE.

44.     As a direct and proximate result of Defendants' conduct, the civil right of JOSE LUIS PONCE, as protected by the Fourteenth Amendment of the United States Constitution were violated. Further, plaintiff JOSE LUIS PONCE experienced physical pain, severe emotional distress, and mental anguish, and other damages alleged herein.

45.     Defendants subjected JOSE LUIS PONCE to their wrongful conduct, depriving Plaintiff of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiff and others would be violated by their acts and/or omissions.

46.     As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Plaintiff sustained injuries and damages.

47.     The conduct of Defendants entitles Plaintiff to punitive damages and penalties allowable under 42 U.S.C. § 1983 and as provided by law. Plaintiff does not seek punitive damages against Defendant COUNTY.

48.     Plaintiff is also entitled to reasonable costs and attorneys' fees under 42 U.S.C. § 1988, and other applicable United States and California codes and laws.

///

///

///

**SECOND CLAIM FOR RELIEF**

**Failure to Provide Medical Care**

**Violation of the Fourteenth Amendment to the United States Constitution**

**(By Plaintiff JOSE LUIS PONCE As Against DOE Deputies 1 through 10)**

49.     Plaintiff realleges and incorporates herein by reference each of the preceding paragraphs of this complaint, and any subsequent paragraphs.

50.     By the actions and omissions described above, Defendants DOE DEPUTIES 1 through 10, as alleged herein, violated 42 U.S.C. § 1983, depriving JOSE LUIS PONCE, of the following clearly established and well-settled constitutional rights protected by the Fourth and Fourteenth Amendments to the United States Constitution: JOSE LUIS PONCE's right to be free from deliberate indifference to his serious medical needs while in custody as a pretrial detainee as secured by the Fourteenth Amendments.

51.     Despite JOSE LUIS PONCE's need for medical care, Defendants DOE DEPUTIES 1 through 10, failed to provide JOSE LUIS PONCE with immediate medical care following the merciless attack he endured on January 9, 2023.

52.     By the actions and omissions described above, Defendants DOE DEPUTIES 1 through 10, as alleged herein, including but not limited to their failure to provide  JOSE LUIS PONCE with appropriate emergency medical care, along with the acts and/or omissions of Defendants in failing to train, supervise, and/or promulgate appropriate policies and procedures to provide emergency medical care and life-saving care to persons in their custody, constituted deliberate indifference to JOSE LUIS PONCE's serious medical needs, health, and safety.

53.     As a direct and proximate result of Defendants' conduct, the civil rights of JOSE LUIS PONCE, as protected by the Fourteenth Amendment of the United States Constitution were violated.

///

///

54. Defendants subjected Plaintiff to their wrongful conduct, depriving Plaintiff of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiff and others would be violated by their acts and/or omissions.

55. As a direct and proximate result of Defendants' acts and/or omissions as set forth above Plaintiff sustained injuries and damages.

56. The conduct of Defendants entitles Plaintiff to punitive damages and penalties allowable under 42 U.S.C. § 1983 and as provided by law. Plaintiff does not seek punitive damages against Defendants COUNTY.

57. Plaintiff is also entitled to reasonable costs and attorneys' fees under 42 U.S.C. § 1988, and other applicable United States and California codes and laws.

## THIRD CLAIM FOR RELIEF

**For Deprivation Substantive Due Process Violation**

**(42 U.S.C. § 1983)**

**(By Plaintiff JOSE LUIS PONCE against Defendants DOE DEPUTIES 1 through 10)**

58. Plaintiff realleges and incorporates by reference each of the forgoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

59. The Fourteenth Amendment provides that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law. . ." U.S. Const., Amdt. 14, § 1. The Due Process Clause of the Fourteenth Amendment was intended to prevent government "from abusing [its] power, or employing it as an instrument of oppression." *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 196, 109 S. Ct. 998, 1003, 103 L. Ed. 2d 249 (1989).

60. Under the Fourteenth Amendment's substantive due process prong, courts use the "shocks the conscience" test to determine if a violation has occurred. *County of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998). The threshold question is "whether the behavior of the governmental officer is so egregious, so outrageous, that it may fairly

be said to shock the contemporary conscience." *Id.* at 848 n. 8.

61.     Plaintiff JOSE LUIS PONCE has a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that would deprive them of life, liberty, or property in such a manner as to shock the conscience by being deliberately indifferent to the constitutional rights of the Plaintiff and/or by being a purpose to harm unrelated to any legitimate law enforcement objective.

62.     Under the Due Process Clause of the Fourteenth Amendment of the United States Constitution, Plaintiff JOSE LUIS PONCE has a right to be safe from harm while under the care of Defendants DOE DEPUTIES 1 through 10.

63.     The actions of Defendants DOE DEPUTIES 1 through 10, inclusive, violated the Due Process Clause of the Fourteenth Amendment, shocked the conscience, and interfered with the rights of Plaintiff, in that Defendant deputies DOE DEPUTIES 1 through 10 were on notice that JOSE LUIS PONCE was being extorted, receiving threats of violence, and death threats but Defendant DOE DEPUTIES 1 through 10 where deliberate indifferent to the safety of JOSE LUIS PONCE which led to his brutal beating.

64.     Indeed, as already explained herein, Defendants DOE DEPUTIES 1 through 10 ignored JOSE LUIS PONCE's multiple pleas for help and that he would not be safe if returned to Supermax Dorm 625, even after JOSE LUIS PONCE was interviewed and placed in Protective Custody. It is clear that Defendants DOE DEPUTIES 1 through 10, inclusive, acted with deliberate indifference to the rights of Plaintiff JOSE LUIS PONCE because they were aware of the dangers JOSE LUIS PONCE would be exposed to if returned to Supermax Dorm 625 and returned him to Supermax Dorm 625 which led to the vicious attacked he endured and the resulting injuries.

///

///

65.     The conduct alleged herein shocks the conscience and with a purpose to harm unrelated to any legitimate law enforcement objective in violation of Plaintiff's Fourteenth Amendment rights.

66.     Accordingly, the conduct of Defendants DOE DEPUTIES 1 through 10, inclusive, and each of them, caused the beating and injuries JOSE LUIS PONCE sustained. As a direct consequence, Plaintiff suffered and continues to suffer severe physical, mental, and emotional anguish, as well as extensive economic hardship.

67.     Furthermore, Defendants DOE DEPUTIES' 1 through 10 actions were undeniably malicious, oppressive, and/or recklessly disregardful of Plaintiff's rights and safety.

68.      Accordingly, Plaintiff is entitled to recover punitive damages against Defendants DOE DEPUTIES 1 through 10, in addition to compensation for the severe physical, mental, emotional, and economic injuries he has suffered, in order to deter such despicable conduct by the example of his punishment.

## FOURTH CLAIM FOR RELIEF

**Supervisory Liability Causing Constitutional Violations,**

**(42 U.S.C. § 1983)**

**(By Plaintiff JOSE LUIS PONCE As Against Defendants SHERIFF LUNA, and DOE DEPUTIES 1 through 10)**

69.     Plaintiff realleges and incorporates herein by reference each of the preceding paragraphs of this complaint, and any subsequent paragraphs.

70.     At all material times, SHERIFF LUNA and DOES 1 through 10 had the duty and responsibility to constitutionally hire, train, instruct, monitor, supervise, evaluate, investigate, staff, and discipline the other Defendants employed by their respective agencies in this matter, as well as all employees and agents of the COUNTY and LASD.

71.     Defendants SHERIFF LUNA, and DOES 1 through 10 failed to properly hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline the

respective employees of their agencies, including Defendants DOE DEPUTIES 1 through 10, and other COUNTY and LASD personnel, with deliberate indifference to JOSE LUIS PONCE's and others' constitutional rights, which were thereby violated as described above.

72.     As supervisors, Defendants SHERIFF LUNA, and DOES 1 through 10 each permitted and failed to prevent the unconstitutional acts of other Defendants and individuals under their supervision and control, and failed to properly supervise such individuals, with deliberate indifference to the rights to safety and protection while incarcerated at NCCF and the rights to the serious medical and mental health needs of JOSE LUIS PONCE. Supervising Defendants either directed his or her subordinates in conduct that violated Plaintiff's rights, or set in motion a series of acts and omissions by his or her subordinates that the supervisor knew or reasonably should have known would deprive  JOSE LUIS PONCE of rights, or knew his or her subordinates were engaging in acts likely to deprive  JOSE LUIS PONCE of rights and failed to act to prevent his or her subordinate from engaging in such conduct, or disregarded the consequence of a known or obvious training deficiency that he or she must have known would cause subordinates to violate  JOSE LUIS PONCE's rights, and in fact did cause the violation of  JOSE LUIS PONCE's rights. (*See*, Ninth Circuit Model Civil Jury Instruction 9.4). Furthermore, each of these supervising Defendants is liable for their failures to intervene in their subordinates' apparent violations of JOSE LUIS PONCE's rights.

73.     The unconstitutional customs, policies, practices, and/or procedures of Defendants COUNTY and LASD, as stated herein, were directed, encouraged, allowed, and/or ratified by policymaking officers for Defendants COUNTY and LASD, including Defendants SHERIFF LUNA, and DOES 1 through 10, respectively, with deliberate indifference to JOSE LUIS PONCE's and others' constitutional rights, which were thereby violated as described above.

///

74. The unconstitutional actions and/or omissions of Defendants DOE DEPUTIES 1 through 10, and other COUNTY and LASD personnel, as described above, were approved, tolerated, and/or ratified by policymaking officers for the COUNTY and LASD, including Defendants SHERIFF LUNA, and DOE DEPUTIES 1 through 10.

75. Plaintiff is informed and believes and thereon alleges that the details of this incident have been revealed to Defendants SHERIFF LUNA, and DOE DEPUTIES 1 through 10 and that such Defendant-policymakers have direct knowledge of the fact that the brutal attack by inmates on JOSE LUIS PONCE was not justified, necessary, and preventable because Plaintiff informed deputies about the extortion, threats of physical violence, and death threats Plaintiff received from predatory inmates in Supermax Dorm 625, and thus represents deliberate indifference to his rights to be protected and safe while in the COUNTY's custody. Notwithstanding this knowledge, on information and belief, Defendants SHERIFF LUNA and DOE DEPUTIES 1 through 10 have approved and ratified the conduct and decisions of Defendants DOE DEPUTIES 1 through 10 in this matter, and have made a deliberate choice to endorse such conduct and decisions, and the basis for them, that resulted in the harm that JOSE LUIS PONCE has suffered. By so doing, Defendants SHERIFF LUNA and DOE DEPUTIES 1 through 10 have shown affirmative agreement with the individual Defendants' actions and have ratified the unconstitutional acts of the individual Defendants.

76. Furthermore, Plaintiff is informed and believes, and thereupon alleges, that Defendants SHERIFF LUNA, and DOES 1 through 10 and other policymaking officers for the COUNTY and LASD were and are aware of a pattern of misconduct and injury, and a code of silence, caused by COUNTY and LASD custody, medical and mental health staff personnel similar to the conduct of Defendants described herein, but failed to discipline culpable law enforcement officers and employees and failed to institute new procedures and policy within the COUNTY and LASD.

77.    The aforementioned customs, policies, practices, and procedures; the failures to properly and adequately hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline; and the unconstitutional orders, approvals, ratification, and toleration of wrongful conduct of Defendants SHERIFF LUNA, and DOES 1 through 10 were a moving force and/or a proximate cause of the deprivations of JOSE LUIS PONCE's clearly established and well-settled constitutional rights in violation of 42 U.S.C. § 1983, as more fully set forth above.

78.    Defendants subjected JOSE LUIS PONCE to their wrongful conduct, depriving JOSE LUIS PONCE of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of JOSE LUIS PONCE and others would be violated by their acts and/or omissions.

79.    As a direct and proximate result of the unconstitutional actions, omissions, customs, policies, practices, and procedures of Defendants SHERIFF LUNA, and DOE DEPUTIES 1 through 10 as described above, Plaintiff sustained serious and permanent injuries and is entitled to damages, penalties, costs, and attorneys' fees.

## FIFTH CLAIM FOR RELIEF

**Municipal Policies, Customs, Practices Causing Constitutional Violations**

**(*Monell* - 42 U.S.C. § 1983)**

**(By Plaintiff JOSE LUIS PONCE As Against Defendants COUNTY OF LOS ANGELES and LOS ANGELES COUNTY SHERIFF'S DEPARTMENT)**

80.    Plaintiff realleges and incorporates herein by reference each of the preceding paragraphs of this complaint, and any subsequent paragraphs.

81.    At all times relevant hereto, the COUNTY custody, medical and mental health staff were required to adhere to and enforce the following policies and procedures:

a.    To permit violent inmates to attack other inmates such as JOSE LUIS PONCE in violation of the Fourteenth Amendment;

b.    To fail to investigate credible threats against inmates such as JOSE LUIS

c.      PONCE;

d.      To fail to act on credible threat against inmates such as JOSE LUIS PONCE;

e.      To deny pretrial detainees and other inmates access to timely, appropriate, competent, and necessary care for serious medical needs, requiring such inmates in crisis to remain untreated in jail instead of providing for their

f.      emergency medical needs;

g.      To allow and encourage deputies doing regular cell checks on inmates, including in safety cells, to fail to document their actual observations of the inmate's condition and status, in violation of County of Los Angeles's written policies and state law;

h.      To allow and encourage inadequate and incompetent medical care for jail inmates and arrestees;

i.      To hire, retain and contract for obviously inadequate medical care for jail inmates and arrestees, including creating financial incentives for custodial and medical personnel not to send inmates with emergency medical needs to a hospital;

j.      To allow, encourage, and require unlicensed, incompetent, inadequately trained and/or inadequately supervised staff to assess inmates' medical condition, needs, and treatment, including to decide whether or not to provide inmates with necessary emergency care and hospitalization;

k.      To fail to institute, require, and enforce proper and adequate training, supervision, policies, and procedures concerning handling persons in medical crisis;

l.      To cover up violations of constitutional rights by any or all of the following:

i.      By failing to properly investigate and/or evaluate incidents of violations of rights, including by unconstitutional medical care at

18
**COMPLAINT FOR DAMAGES**

the jail;

ii.    By ignoring and/or failing to properly and adequately investigate and/or investigate and discipline unconstitutional or unlawful conduct by custodial and medical personnel;

iii.    By turning a blind eye to custodial and medical personnel who direct, aid, and/or assist with the distribution of hazards, including illicit drugs, into County of Los Angeles jails; and

iv.    By allowing, tolerating, and/or encouraging custodial and medical personnel to: fail to file complete and accurate reports; file false reports; make false statements; and/or obstruct or interfere with investigations of unconstitutional or unlawful conduct by withholding and/or concealing material information;

m.    To allow, tolerate, and/or encourage a "code of silence" among law enforcement officers, LASD personnel, custodial personnel and medical personnel at the jail whereby an officer or member of the LASD or medical staff does not provide adverse information against a fellow officer, or member of the LASD or the medical staff;

n.    To fail to have and enforce necessary, appropriate, and lawful policies, procedures, and training programs to prevent or correct the unconstitutional conduct, customs, and procedures described in subparagraphs (a) through (j) above, with deliberate indifference to the rights and safety of pretrial detainees, such as JOSE LUIS PONCE, and in the face of an obvious need for such policies, procedures, and training programs.

82.    The unconstitutional actions and/or omissions of Defendants DOE DEPUTIES 1 through 10, as well as other officers employed by or acting on behalf of the COUNTY and LASD, on information and belief, were pursuant to the following customs, policies, practices, and/or procedures of the COUNTY and the LASD, stated

in the alternative, which were directed, encouraged, allowed, and/or ratified by policymaking officers for the COUNTY and LASD, including SHERIFF LUNA:

a. To fail to properly and adequately hire, train, supervise, and monitor custodial and medical personnel at the jails;

b. To fail to use appropriate and generally accepted law enforcement procedures for handling persons in medical crisis;

c. To fail to institute, require, and enforce proper and adequate training, supervision, policies, and procedures concerning handling persons in medical crisis;

d. To cover up violations of constitutional rights by any or all of the following:

   i. By failing to properly investigate and/or evaluate complaints or incidents of handling of persons in medical crisis;

   ii. By ignoring and/or failing to properly and adequately investigate and/or discipline unconstitutional or unlawful law enforcement activity; and

   iii. By allowing, tolerating, and/or encouraging law enforcement officers to: fail to file complete and accurate reports; file false reports; make false statements; intimidate, bias and/or "coach" witnesses to give false information and/or to attempt to bolster officers' stories; and/or obstruct or interfere with investigations of unconstitutional or unlawful law enforcement conduct by withholding and/or concealing material information;

e. To allow, tolerate, and/or encourage a "code of silence" among law enforcement officers whereby an officer does not provide adverse information against a fellow law enforcement officer;

f. To allow, tolerate, and/or encourage a "code of silence" among custodial and medical personnel at the COUNTY jails whereby custodial and

medical personnel does not provide adverse information against a fellow staffer;

g.    To fail to have and enforce necessary, appropriate, and lawful policies, procedures, and training programs to prevent or correct the unconstitutional conduct, customs, and procedures described in subparagraphs (a) through (g) above, with deliberate indifference to the rights and safety of pretrial detainees, such as JOSE LUIS PONCE, and in the face of an obvious need for such policies, procedures, and training programs.

83.    Defendants COUNTY and LASD, through their employees and agents, and through their policy-making supervisors, SHERIFF LUNA and DOE DEPUTIES 1 through 10, failed to properly hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline Defendants DOE DEPUTIES 1 through 10, and other COUNTY and LASD personnel, with deliberate indifference to the constitutional rights of JOSE LUIS PONCE, and others in similar positions, as described above, and therefore, those rights thereby violated.

84.    The unconstitutional actions and/or omissions of Defendants DOE DEPUTIES 1 through 10, and other LASD custody and medical staff, as described above, were approved, tolerated, and/or ratified by policymaking officers for the COUNTY and LASD, including Defendants SHERIFF LUNA and DOE DEPUTIES 1 through 10. Plaintiff is informed and believe and thereon alleges that the details of this incident have been revealed to the authorized policymakers within the COUNTY and LASD, and that such policymakers have direct knowledge of the fact that the death of JOSE LUIS PONCE was the result of deliberate indifference to his rights to be protected and safe while in the custody of the COUNTY/LASD, and his rights to have access to medical care when suffering a medical emergency. Notwithstanding this knowledge, the authorized policymakers within the COUNTY and LASD have approved of the conduct and decisions of Defendants DOE DEPUTIES 1 through 10

in this matter, and have made a deliberate choice to endorse such conduct and decisions, and the basis for them, that resulted in the death of JOSE LUIS PONCE By so doing, the authorized policymakers within the COUNTY and LASD have shown affirmative agreement with the individual Defendants' actions and have ratified the unconstitutional acts of the individual Defendants. Furthermore, Plaintiff is informed and believes, and thereupon alleges, that Defendants SHERIFF LUNA and DOE DEPUTIES 1 through 10, and other policy-making officers for the COUNTY and LASD were and are aware of a pattern of misconduct and injury caused by COUNTY Jails custody and medical staff similar to the conduct of Defendants described herein, but failed to discipline culpable custody and medical staff and failed to institute new procedures and policy within the COUNTY and LASD.

85.    The aforementioned customs, policies, practices, and procedures; the failures to properly and adequately hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline; and the unconstitutional orders, approvals, ratification, and toleration of wrongful conduct of Defendants COUNTY and LASD were a moving force and/or a proximate cause of the deprivations of JOSE LUIS PONCE's clearly established and well-settled constitutional rights in violation of 42 U.S.C. § 1983. Defendants subjected JOSE LUIS PONCE to their wrongful conduct, depriving JOSE LUIS PONCE of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of  JOSE LUIS PONCE and others would be violated by their acts and/or omissions.

86.    As a direct and proximate result of the unconstitutional actions, omissions, customs, policies, practices, and procedures of Defendants COUNTY and LASD, as described above, JOSE LUIS PONCE suffered serious injuries, Plaintiff is entitled to damages, penalties, costs, and attorneys' fees against Defendants COUNTY and LASD.

///

///

## SIXTH CLAIM FOR RELIEF

### FOR NEGLIGENCE

### (By Plaintiff JOSE LUIS PONCE As Against All Defendants)

87.     Plaintiff realleges and incorporates by reference each of the forgoing and subsequent paragraphs of this Complaint with the same force and effect as if fully set forth herein.

88.     The present Claim For Relief is brought pursuant to Cal. Gov. Code §§ 815.2 and 820. Under Section 820, as public employees, the individual Defendants DOE DEPUTIES 1 through 10, are liable for injuries caused by their acts or omissions to the same extent as private persons. Under Section 815.2, the Defendant public entity, LASD and COUNTY OF LOS ANGELES, are vicariously liable for injuries caused by the acts or omissions of its employees, officers, and agents, committed within the course and scope of that employment. *See Zelig v. County of Los Angeles* (2002) 27 Cal.4th1112, 1128.

89.     Plaintiff JOSE LUIS PONCE was harmed by the negligence of Defendants DOE DEPUTIES 1 through 10 because they were on notice that Plaintiff was being extorted by inmates in Supermax Dorm 625 and moved Plaintiff into Protective Custody. However, due to Defendants DOE DEPUTIES 1 through 10 negligence, JOSE LUIS PONCE was moved back to Supermax Dorm 625 which exposed Plaintiff to the dangers of other inmates.

90.     As deputies, Defendants DEPUTIES 1 through 10 owed a basic duty of reasonable care to all people with whom they interact and, more importantly, professional duties to uphold the law and to protect and serve the public. Defendants DOE DEPUTIES 1 through 10 breached these duties when they neglected Plaintiff's concerns about being moved back to Supermax 625 where he was being extorted and was receiving death threats from the inmates extorting him.

91.     The vicious beating Plaintiff received was the exclusive cause of Plaintiff JOSE LUIS PONCE's injuries and rights deprivations, which include but are not

1  limited to being beaten almost to death by several inmates, over and over again, until
2  Plaintiff lost consciousness; causing trauma to his brain and body, and causing a broken
3  jaw that required being wire shut for an extended period of time. Further, Plaintiff JOSE
4  LUIS PONCE has suffered and continues to suffer as a result of the traumatizing
5  experience, including but not limited to feelings of shame and powerlessness, and
6  disillusionment with the justice system.

7      92.    Further, Defendants DEPUTIES 1 through 10 have demonstrated willful
8  and conscious disregard for Plaintiff's rights and wellbeing, thereby subjecting Plaintiff
9  JOSE LUIS PONCE to cruel and unjust hardship. Accordingly, Defendants' conduct
10  was malicious and oppressive under Cal. Civ. Code § 3294, entitling Plaintiff to
11  recover both punitive and compensatory damages to deter future misconduct by the
12  example of Defendants' punishment.

13              **SEVENTH CLAIM FOR RELIEF**
14          **Violation of California Government Code § 845.6**
15      **(By Plaintiff JOSE LUIS PONCE As Against All Defendants)**

16      93.    Plaintiff realleges and incorporates herein by reference each of the
17  preceding paragraphs of this complaint, and any subsequent paragraphs.

18      94.    Defendants DOE DEPUTIES 1 through 10 were aware JOSE LUIS
19  PONCE required immediate medical care and treatment following the preventable
20  beating he received. However, Defendants DOE DEPUTIES 1 through 10, who were
21  employed by Defendants COUNTY and LASD, failed to take reasonable action to
22  summon immediate medical care and treatment. Each individual defendant had
23  knowledge of or reason to know about JOSE LUIS PONCE's need for immediate
24  medical care and treatment, especially after hearing JOSE LUIS PONCE beg for help
25  as inmates continued to beat him until he lost consciousness. Yet, they failed to take
26  reasonable action to summon such care and treatment. This conduct of the Defendants
27  DOE DEPUTIES 1 through 10 is in violation of California Government Code § 845.6.
28  ///

**COMPLAINT FOR DAMAGES**

95.     Defendants COUNTY and LASD are vicariously liable for the violations of state law and conduct of their officers, deputies, employees, and agents, including individual named defendants, under California Government Code § 815.2.

96.     As a direct and proximate result of the aforementioned acts of these Defendants, JOSE LUIS PONCE was injured as set forth above, and he is entitled to all damages allowable under California law. Plaintiff sustained serious and permanent injuries and is entitled to damages, penalties, costs, and attorney fees under California law, including punitive damages against these individual Defendants.

## EIGHTH CLAIM FOR RELIEF

### Violation of California Civil Code §52.1

### (Tom Bane Act)

### (By Plaintiff JOSE LUIS PONCE As Against All Defendants)

97.     Plaintiff realleges and incorporates herein by reference each of the preceding paragraphs of this complaint, and any subsequent paragraphs.

98.     By their acts, omissions, customs, and policies, Defendants, each acting in concert/conspiracy, as described above, while JOSE LUIS PONCE was in custody, and by threat, intimidation, and/or coercion, interfered with, attempted to interfere with, and violated JOSE LUIS PONCE's rights under California Civil Code § 52.1 and under the United States Constitution and California Constitution as follows:

a. The right to be free from objectively unreasonable treatment and deliberate indifference to Plaintiff's serious medical needs while in custody as a pretrial detainee as secured by the Fourth and/or Fourteenth Amendments to the United States Constitution and by California Constitution, Article 1, §§ 7 and 13;

b. The right for the familial association to be free from government interference as secured by the Fourteenth Amendments to the United States Constitution;

///

c. The right to enjoy and defend life and liberty; acquire, possess, and protect property; and pursue and obtain safety, happiness, and privacy, as secured by the California Constitution, Article 1, § 1; and

d. The right to emergency medical and mental health care as required by California Government Code §845.6.

99. Defendants' DOE DEPUTIES 1 through 10 violations of JOSE LUIS PONCE's due process rights with deliberate indifference, in and of themselves constitute violations of the Bane Act. Alternatively, separate from, and above and beyond, Defendants DOE DEPUTIES 1 through 10 attempted interference, interference with, and violation of JOSE LUIS PONCE's rights as described above, Defendants DOE DEPUTIES 1 through 10 violated JOSE LUIS PONCE's rights by the following conduct constituting threat, intimidation, or coercion:

a. With deliberate indifference to JOSE LUIS PONCE's serious medical and mental health needs, suffering, and risk of grave harm including death, depriving of necessary, life-saving care for her medical needs;

b. With deliberate indifference to hazards that posed a risk to individuals in custody, such as JOSE LUIS PONCE;

c. Subjecting Plaintiff to ongoing violations of her rights to prompt care for her serious medical and mental health needs over days, causing immense and needless suffering, intimidation, coercion, and threats to her life and well-being;

d. Deliberately contracting for and causing the provision of inadequate and incompetent medical health care to COUNTY jail detainees and inmates;

e. Requiring medical and mental health staff to work outside their scope of practice, and conduct assessments, triage, and make medical and housing decisions for patients, including JOSE LUIS PONCE, that they are not competent to make; and

     f.  Instituting and maintaining the unconstitutional customs, policies, and practices described herein, when it was obvious that in doing so, individuals such as JOSE LUIS PONCE would be subjected to violence, threat, intimidation, coercion, and ongoing violations of rights as JOSE LUIS PONCE was here.

100.  The threat, intimidation, and coercion described herein were not necessary or inherent to Defendants' DOE DEPUTIES 1 through 10 violation of JOSE LUIS PONCE's rights, or to any legitimate and lawful jail or law enforcement activity.

101.  Further, all of Defendants DOE DEPUTIES 1 through 10 violations of duties and rights, and coercive conduct, described herein were volitional acts; none was accidental or merely negligent.

102.  Further, each Defendant violated JOSE LUIS PONCE's rights with reckless disregard and with the specific intent and purpose to deprive her of her enjoyment of those rights and of the interests protected by those rights.

103.  Defendant COUNTY is vicariously liable for the violations of state law and conduct of their officers, deputies, employees, and agents, including individual named defendants, under California Government Code § 815.2.

104.  As a direct and proximate result of Defendants DOE DEPUTIES 1 through 10 violation of California Civil Code § 52.1 and of JOSE LUIS PONCE's rights under the United States and California Constitutions, Plaintiff sustained injuries and damages, and against each and every Defendant is entitled to relief, including punitive damages against all individual Defendants, and all damages allowed by California Civil Code §§ 52 and 52.1 and California law, not limited to costs attorneys' fees, and civil penalties.

## **REQUEST FOR RELIEF**

Wherefore, Plaintiff respectfully requests that the Court enter a judgment as follows:

A.  General Damages in excess of the mandatory amount for jurisdiction in the Unlimited Superior Court;

B.  JOSE LUIS PONCE's conscious pain, suffering, and disfigurement, pursuant to federal civil rights law;

C.  Non-Economic Damages, according to proof plus all further and proper relief;

D.  Punitive damages as to individual peace officer defendants;

E.  Attorney's fees pursuant to State Law (Cal. Code Civ. Proc. § 1021.5 & private attorney general doctrine);

F.  Penalties under the Tom Bane Act;

G.  Interest; and

H.  All other damages, penalties, costs, interest, and attorneys' fees as allowed by 42 U.S.C. §§ 1983 and 1988; California Code of Civil Procedure § 1021.5; California Civil Code §§ 52 *et. seq*., 52.1; and as otherwise may be allowed by California and/or federal law.

I.  F

Ff

**Dated: February 17, 2024**  **GASTÉLUM LAW, APC**

By: _Denisse O. Gastélum_
Denisse O. Gastélum, Esq.
Attorneys for Plaintiff,
JOSE LUIS PONCE

**Dated: February 17, 2024**  **LAW OFFICES OF CHRISTIAN CONTRERAS**
                              **A PROFESSIONAL LAW CORPORATION**

By: _Christian Contreras_
Christian Contreras, Esq.
Edwin S. Salguero, Esq.
Attorneys for Plaintiff,
JOSE LUIS PONCE

**COMPLAINT FOR DAMAGES**

## **DEMAND FOR JURY TRIAL**

Plaintiff JOSE LUIS PONCE hereby makes a demand for a jury trial in this action.

**Dated: February 17, 2024**        **GASTÉLUM LAW, APC**

By: _____
Denisse O. Gastélum, Esq.
Attorneys for Plaintiff,
JOSE LUIS PONCE

**Dated: February 17, 2024**        **LAW OFFICES OF CHRISTIAN CONTRERAS**
                         **A PROFESSIONAL LAW CORPORATION**

By: _____
Christian Contreras, Esq.
Edwin S. Salguero, Esq.
Attorneys for Plaintiff,
JOSE LUIS PONCE

**COMPLAINT FOR DAMAGES**